IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

  v.

JOSHUA DAVIS,

                Defendant.

OPINION & ORDER

17-cr-106-jdp

---

Defendant Joshua Davis pleaded guilty and was convicted of accessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). This is a crime that requires me to impose a $5,000 special assessment under 18 U.S.C. § 3014 unless I find that Davis is indigent. The parties have submitted briefs to help with the court's determination of whether the special assessment is required. Dkt. 30; Dkt. 31. The statute itself does not define indigent, and the Seventh Circuit Court of Appeals has not provided guidance. The parties reach opposite conclusions about whether the assessment is required, but they are not far apart on the approach that I should take.

The government encourages me to follow *United States v. Kelley*, 861 F.3d 790 (8th Cir. 2017), which the government says sets out the appropriate standard for determining whether a defendant is an indigent. The *Kelley* court analogized the special assessment to a fine, which is handled under the sentencing guidelines in U.S.S.G. § 5E1.2, which imposes on the defendant the burden of proving his inability to pay the fine. But *Kelley* does not really set out a standard; it just articulates the factors the district court should consider. Following the guideline approach to fines, *Kelley* says that the factors include a defendant's current

financial situation and his ability to pay in the future. Davis does not disagree with this approach.

Under this approach, I am persuaded that defendant is indigent. There is no real dispute that he is unable to pay the special assessment now: he has a negative net worth of about $100,000. He has a positive cash flow at the moment of $490, but that includes $350 worth of food stamps and he gets free housing from his parents. He formerly had a good job as a computer network administrator earning $26 per hour, but he lost that job as a result of his arrest. Defendant is the sole providing parent for a minor daughter.

I am satisfied that defendant has shown that it is unlikely that he will have the resources to pay the $5,000 assessment after his release without impairing his ability to care for himself and his minor child. Accordingly, I find that the defendant is indigent and decline to impose the $5,000 special assessment.

Entered March 28, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge